**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Neal J. Deckant (State Bar No. 322946)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
         ndeckant@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BARNES, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br> v. <br> THE COCA-COLA CO., <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Keith Barnes ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which is based on personal knowledge.

## NATURE OF THE ACTION

1. Plaintiff alleges the following on information and belief against The Coca-Cola Company ("Coca-Cola" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

2. Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an artificial or prerecorded voice to the cellular and landline telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to place calls using a prerecorded voice to consumers who did not provide their prior express written consent to receive them; and (3) obtain redress for all persons injured by its conduct.

## THE PARTIES

3. Plaintiff Keith Barnes is, and at all times mentioned herein was, a resident of Bakersfield, California, and a citizen of the State of California.

4. Defendant The Coca-Cola Company is a corporation organized under the laws of Delaware, with a principal place of business at One Coca-Cola Plaza, Atlanta, Georgia 30313. Defendant conducts business in this District and throughout the state of California.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, inter alia, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed Class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. See 28 U.S.C. § 1332(d)(2) and (6).

CLASS ACTION COMPLAINT   1

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

7. This Court has personal jurisdiction over Defendant because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA prohibits, among other things, "initiat[ing] any telephone call to any resident telephone line [or cellphone] using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . . ." 47 U.S.C. § 227(b)(1)(A)-(B).

11. The FCC has issued rulings clarifying that, for calls that "include[] or introduce[] an advertisement or constitutes telemarketing," the caller must first receive "the prior express written consent of the called party . . . ." See 47 C.F.R. § 64.1200(a)(2); see also 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

12. Coca-Cola called Plaintiff on his cellular telephone on numerous occasions.

13. Defendant placed each of these calls using an artificial or prerecorded voice without Mr. Barnes's prior express written consent.

14. When Plaintiff answered Defendant's calls, he heard a recording played with a message beginning: "Hello, this call is Coca-Cola calling to remind you that we will be contacting

you soon for your upcoming delivery . . . ." Coca-Cola left Mr. Barnes multiple voicemails with the same message.

15. Mr. Barnes has never consented in writing, or otherwise, to receive prerecorded telephone calls from Defendant.

16. Defendant knowingly made (and continues to make) prerecorded calls to the telephones of Plaintiff and other consumers without the prior express written consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## CLASS ACTION ALLEGATIONS

17. Plaintiff proposes the following Artificial OR Pre-Recorded Voice Class definition:

> All persons within the United States who (a) received a telephone call on his or her landline or cellular telephone; (b) made by or on behalf of Defendant.

18. Plaintiff represents, and is a member of, this proposed Class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

19. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

20. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

21. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

22. The proposed Class can be identified easily through records maintained by Defendant.

23. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Class. Those common question of law and fact include, but are not limited to, the following:

a) Whether Defendant made telephone calls to Plaintiff and Class Members using an artificial or prerecorded voice without their prior express consent;

b) Whether Defendant's conduct was knowing and/or willful;

c) Whether Defendant is liable for damages, and the amount of such damages; and

d) Whether Defendant should be enjoined from engaging in such conduct in the future.

24. **Typicality.** Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received calls on their telephones using a prerecorded voice without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

25. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

26. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

27. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

28. Classwide relief is essential to compel Defendant to comply with the TCPA.

29. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

30. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all prerecorded and the members

CLASS ACTION COMPLAINT                                              4

of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

31. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

32. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227, *et seq.*

33. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

35. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

37. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## COUNT II
### Knowing And/Or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227, *et seq.*

38. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

42. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

A. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

B. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

F. Such other relief as the Court deems just and proper.

# JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all claims so triable in this action.

Dated: November 21, 2022    **BURSOR & FISHER, P.A**.

By:  */s/ Scott A. Bursor*
　　　　Scott A. Bursor

L. Timothy Fisher (State Bar No. 191626)
Neal J. Deckant (State Bar No. 322946)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
　　　　ndeckant@bursor.com

Scott A. Bursor (State Bar No. 276006)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-mail: scott@bursor.com

*Attorneys for Plaintiff*