UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keith Barnes, | No. 1:22-cv-01511-KJM-EPG |
| Plaintiff, | ORDER |
| v. | |
| The Coca-Cola Company, | |
| Defendant. | |

In this case brought under the Telephone Consumer Protection Act (TCPA), plaintiff Keith Barnes proposes bringing his claims on behalf of a nationwide class. Defendant The Coca-Cola Company (Coca-Cola) moves to dismiss one of Barnes's claims and to strike the proposed class allegations. For the reasons below, the **court grants both the motion to dismiss** and **the motion to strike** with leave to amend.

I.     BACKGROUND

Barnes's claims arise from a series of calls and voicemails from Coca-Cola. Compl., ECF No. 1 ¶ 12. These calls used an artificial or prerecorded voice. *Id.* ¶ 13. Barnes alleges that when he answered Coca-Cola's calls, he heard a message: "Hello, this call is Coca-Cola calling to remind you that we will be contacting you soon for your upcoming delivery . . . ." *Id.* ¶ 14. Coca-Cola also left voicemails with the same message. *Id.* Barnes contends that he never consented, in writing or otherwise, to receiving any of these prerecorded calls. *Id.* ¶¶ 13, 15.

1

1    In November 2022, Barnes filed this action, alleging the Coca-Cola knowingly or
2 willfully violated the TCPA. *See* Compl. ¶¶ 33–42 (citing 47 U.S.C. § 227). Barnes seeks an
3 injunction, statutory damages, treble damages, fees, costs and other relief. *See id.* ("Prayer for
4 Relief"). He also seeks to represent a class of "[a]ll persons within the United States who (a)
5 received a telephone call on his or her landline or cellular telephone; (b) made by or on behalf of
6 Defendant." *Id.* ¶ 17.

7    Coca-Cola moves to dismiss Barnes's claim of knowing or willful violations of the TCPA
8 under Rule 12(b)(6). Mot., ECF No. 18 (sealed).[1] Fed. R. Civ. P. 12(b)(6). Coca-Cola also
9 moves to strike the class allegations under Rules 12(f) and 23. Fed. R. Civ. P. 12(f), 23. The
10 motion is fully briefed. *See generally* Opp'n, ECF No. 22; Reply, ECF No. 28 (sealed). In its
11 discretion, the court determined a hearing on the matter was not necessary and submitted the
12 matter on the papers.

13 **II.    MOTION TO DISMISS**
14   **A.    Legal Standard**
15    A party may move to dismiss for "failure to state a claim upon which relief can be
16 granted." Fed. R. Civ. P. 12(b)(6). In response, the court begins by assuming the complaint's
17 factual allegations are true, but not its legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79
18 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court then determines
19 whether those factual allegations "plausibly give rise to an entitlement to relief" under Rule 8. *Id.*
20 at 679. This evaluation of plausibility is a context-specific task drawing on "judicial experience
21 and common sense." *Id.* A complaint need contain only a "short and plain statement of the claim
22 showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual
23 allegations," *Twombly*, 550 U.S. at 555. The court construes all factual allegations "in the light
24 most favorable to the nonmoving party." *Steinle v. City & County of San Francisco*, 919 F.3d

---

[1] Upon review of the docket, the court is not persuaded Coca-Cola's Motion to Dismiss, Reply, and Requests to Seal qualify for continuing redaction or sealing. As explained later in this order, Coca-Cola is ordered to show cause why these filings should not be unsealed.

1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).

Courts may not ordinarily consider evidence and other materials from outside the pleadings when deciding whether a complaint must be dismissed under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (quoting Fed. R. Civ. P. 12(d)).

### B.    The Telephone Consumer Protection Act

The TCPA prohibits making certain calls "using any automatic telephone dialing system or an artificial or prerecorded voice" to a wireless number. 47 U.S.C. § 227(b)(1)(A). Specifically, the TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A)(iii).

There are three elements to a TCPA claim based on the use of an automatic dialing system (ATDS) or an artificial or prerecorded voice: (1) the defendant called a cellular telephone number; (2) using an ATDS, or an artificial or prerecorded voice; (3) without the recipient's prior express consent. *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). In 2012, the Federal Communications Commission clarified that the form of prior express consent required under the statute depends on the nature of the telephone call. Rules & Reguls. Implementing Tel. Consumer Prot. Act of 1991 ("2012 TCPA Order"), 27 FCC Rcd. 1830, 1838 (2012) (effective October 16, 2013); 47 C.F.R. § 64.1200(a). Any telephone call that "includes or introduces an advertisement or constitutes telemarketing" cannot be made without "the prior

express written consent of the called party." 47 C.F.R. § 64.1200(a)(2); *see also* 2012 TCPA Order, 27 FCC Rcd. at 1838–44. All other calls not including an advertisement require only "prior express consent." 47 C.F.R. § 64.1200(a)(1).

Under the TCPA, "if the court finds that the defendant willfully or knowingly violated [Section 227], the court may, in its discretion" award treble damages. 47 U.S.C. § 227(b)(3). At present, neither the Act, the FCC nor the Ninth Circuit has clarified the definition of "willful or knowingly" within the Act. *Lamkin v. Portfolio Recovery Assocs., LLC*, No. 18-03071, 2019 WL 4670829, at *4 (E.D. Cal. Sept. 25, 2019) (collecting cases), *vacated and remanded on other grounds*, No. 19-16947, 2021 WL 9569379 (9th Cir. Aug. 27, 2021). Persuasive decisions in this district have interpreted the threshold as "low," requiring only that defendant "intends or knows that it was performing each of the elements of a TCPA claim." *Id.* (internal citations and quotations omitted).

### C. Analysis

Coca-Cola contends Barnes fails to state a claim under Rule 12(b)(6) because his complaint does not allege the calls were "telemarketing" or "advertising" within the meaning of the TCPA, or that Coca-Cola willfully or knowingly made the calls. Mot. at 12. Barnes's failure to allege these two facts, Coca-Cola argues, provides "interdependent reasons" the complaint should be dismissed under Rule 12(b)(4). *Id.*

Because the nature of the calls determines what form of consent is required, the court begins with Barnes's allegations that the calls were "telemarketing" calls. It is unclear from the briefs whether Barnes was ever a customer of Coca-Cola. Even so, Barnes does not describe the calls as advertisements in his complaint, and the portion of the calls he quotes in his complaint do not permit the court to infer they were advertisements, even when they are taken in the light most favorable to Barnes. According to the complaint, Coca-Cola called only to "remind" him about an "upcoming delivery," not to encourage him to make a purchase, to let him know that some good or service was available, to promote a product, or something similar. Compl. ¶ 14; *see* 47 C.F.R. § 64.1200(f)(1), (13) (defining "advertising" and "telemarketing"); *Aderhold v. Car2go N.A., LLC*, No. 13-489, 2014 WL 794802, at *9 (W.D. Wash. Feb. 27, 2014) (finding analogous

4

text message was not "telemarketing" under TCPA), *aff'd*, 668 F. App'x 795 (9th Cir. 2016) (unpublished) (agreeing with FCC guidance that messages are not "telemarketing" or "advertising" if their purpose is "to facilitate, complete, or confirm a commercial transaction that the recipient has previously agreed to enter into with the sender").

Barnes provides the full call transcript for the first time in his opposition to Coca-Cola's motion, including the following sentence: "If you're ready to place your order now, press 1 to be connected to a beverage expert." Opp'n at 11. But considering only the facts asserted in the complaint, as the court must at this stage, Barnes's complaint does not provide "sufficient factual matter" to make his second claim for relief plausible. *Iqbal*, 556 U.S. at 678. The complaint itself must "contain sufficient allegations of underlying facts to give fair notice" of the plaintiff's claims. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Because the complaint does not permit the court to infer the call was an advertisement or a telemarketing call, Barnes's claim for treble damages must be dismissed. Given that it appears Barnes could amend this claim, the court grants the motion to dismiss claim two with leave to amend. *See AE ex rel. Hernandez*, 666 F.3d at 636 ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.").

### III. MOTION TO STRIKE

#### A. Legal Standard

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). "Motions to strike are generally regarded with disfavor." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal.

5

2002); *see also Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." (citation omitted)).

In the context of class action complaints, while motions to strike class allegations at the pleading stage are disfavored in this Circuit, they are not "procedurally improper *per se*." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009) (emphasis in original); *see, e.g.*, *Kay v. Wells Fargo & Co. N.A.*, No. 07-01351, 2007 WL 2141292 (N.D. Cal. July 24, 2007); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123 (N.D. Cal. 2010). Some discovery is usually necessary before a court analyzes the proposed class under Rule 23, nevertheless, district courts have "broad discretion to control the class certification process" even before the discovery process commences. *Vinole*, 571 F.3d at 942; *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1063 (N.D. Cal. 2015) ("The Ninth Circuit has opined that 'compliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim.'") (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 432 (9th Cir. 1969)); *Kirchner v. Shred-it USA Inc.*, No. 14-1437, 2014 WL 6685210, at *3 (E.D. Cal. Nov. 25, 2014) (declining to dismiss class claims prior to a motion for class certification).

When another court has ruled on a substantially similar case, a motion to strike class allegations may be supported under principles of comity. *See, e.g.*, *Baker v. Home Depot USA, Inc.*, No. 11C6768, 2013 WL 271666 at *4–5 (N.D. Ill. Jan. 24, 2013). In a unanimous decision, the Supreme Court explained lower federal courts are expected "to apply principles of comity to each other's class certification decisions when addressing a common dispute." *Smith v. Bayer Corp.*, 564 U.S. 299, 317 (2011) (per curiam). While the applicability of comity is disputed by lower courts, at a minimum *Smith* requires one federal district court to pay close attention if another federal district court has considered and rejected a very similar proposal to litigate as a class. *See Smentek v. Dart*, 683 F.3d 373, 377 (7th Cir. 2012) (expressing doubts about concept of "comity" but agreeing federal district court judge should "pay respectful attention to the decision of another judge in a materially identical case"); *Ford v. Ford Motor Co.*, No. 13-8335, 2014 WL 12570925, at *4 (C.D. Cal. Jan. 17, 2014) (agreeing district judge should "carefully and

6

seriously consider the views of other courts who have ruled on the certification of the same or closely related classes"); *Murray v. Sears, Roebuck & Co.*, No. 09-5744 CW, 2014 WL 563264, at *6 (N.D. Cal. Feb. 12, 2014) (holding another federal court's decision offers "strong guidance" about right result in similar or identical class action). That is, comity "persuades; but it does not command" federal district courts facing class pleadings in similar cases. *Mast, Foos & Co. v. Stover Mfg. Co.*, 177 U.S. 485, 488 (1900).

A district court may strike class allegations before discovery when "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982); *see, e.g.*, *Sanders*, 672 F. Supp. at 990. When a defendant raises issues of class certification before discovery is complete:

> [T]he plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.

*Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (citing *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)).

When granting a motion to strike class allegations under Rule 12(f) and Rule 23, the court may grant leave to amend the complaint so long as amendment would not be futile. *Sanders*, 672 F. Supp. at 991; *AE ex rel. Hernandez*, 666 F.3d at 636; *see also* Fed. R. Civ. P. 23(d) ("In conducting an action under this rule, the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly; or deal with similar procedural matters.").

**B.     Analysis**

Coca-Cola does not argue Barnes's complaint includes redundant, immaterial, impertinent or scandalous matters. Mot. at 18–21. Instead, Coca-Cola asserts its pre-discovery motion to strike class allegations is supported because: (1) the proposed class is fatally overbroad; and (2) the principle of comity counsels that no class can be certified, now or in the future. *Id.* Barnes opposes the motion to strike, broadly asserting that "striking class allegations at the

7

1  pleading stage is almost never appropriate" in the Ninth Circuit and that any need to "refine the
2  class definition" can be completed after discovery if necessary.  Opp'n at 14.  Barnes does not
3  otherwise explain why discovery is necessary or how it could substantiate his class allegations.
4  The court begins with Coca-Cola's assertion that the proposed class is fatally overbroad and then
5  proceeds to an analysis of comity.

### 1. Overbreadth

Barnes seeks to represent a class that includes every person in the United States who has ever "received a telephone call . . . made by or on behalf of" Coca-Cola.  Compl. ¶ 17.  Coca-Cola contends the sheer breadth of the proposed class is "implausible" and raises questions of standing among individual class members.  Mot. at 20–21.  In response to such a motion, Barnes must make a prima facie showing that discovery is necessary and likely to substantiate his proposed class allegations.  *See Mantolete*, 767 F.2d at 1424.  Beyond Barnes's blanket assertion that the motion to strike is premature, he also contends "there is currently no evidence before the Court that [Coca-Cola] did not subject all class members to its TCPA violations."  Opp'n at 14.  Barnes further asserts that the breadth of the proposed class raises no standing issues because "[i]n the Ninth Circuit, a violation of the TCPA itself constitutes an injury for purposes of Article III standing."  *Id.* at 15.

The court agrees with Coca-Cola that the proposed class's breadth is "implausible" and therefore raises adequacy and typicality questions under Rule 23.  Fed. R. Civ. P. 23.  At present, the proposed class includes every person in the United States who has ever received a telephone call from Coca-Cola.  The class is not limited temporally or to those calls made with a pre-recorded voice or made without consent, characteristics core to calls that violate the TCPA.  That is, the proposed class very likely includes persons who suffered no injury based on a call from Coca-Cola, and the court therefore must consider whether their presence "means that the class definition is fatally overbroad."  *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 668–69  (9th Cir. 2022); Fed. R. Civ. P. 23(b)(3).

The court need not allow such facially overbroad claims to proceed beyond the pleadings stage or rely on Barnes's assertion that he "can easily refine the class definition in his motion for

class certification as needed." Opp'n at 14. Coca-Cola—like all defendants facing suit—is "entitled to know the class definition being alleged against them." *DuRocher v. Nat'l Collegiate Athletic Ass'n*, No. 13-01570, 2015 WL 1505675, at *7 (S.D. Ind. Mar. 31, 2015) (striking similarly broad class allegations at pleadings stage). At present, the proposed class could not proceed on a classwide basis, and the court therefore grants the motion to strike the class action allegations in the complaint. Compl. ¶¶ 17–32; *see, e.g.*, *Martinez-Sanchez v. Anthony Vineyards, Inc.*, No. 19-01404, 2021 WL 5769471, at *2 (E.D. Cal. Dec. 6, 2021) ("[C]lass allegations can be stricken at the pleadings stage if the claim could not possibly proceed on a classwide basis."); *Sanders*, 672 F. Supp. at 991 ("[I]t is not clear that a nationwide class action is the 'superior' method for adjudication of rights. Accordingly, the class allegations will be stricken, with leave to amend. The Court urges Plaintiffs to consider whether a more narrowly defined class might be appropriate.").[2]

### 2. Comity

In the interest of addressing the applicability of comity and out of respect for other federal district courts, the court proceeds to an analysis of comity. As explained above, Coca-Cola further contends the motion to strike is proper under the principle of comity and points to another putative class action filed in May 2019 and dismissed on August 29, 2022, in the Southern District of Florida. *See Spaner v. The Coca-Cola Co.*, Case No. 19-22210 (S.D. Fla. July 27, 2022) *report and recommendation adopted in full* (S.D. Fla. Aug. 22, 2022).[3] Coca-Cola acknowledges that the court is not bound by the decision in *Spaner*. Reply at 13. In opposition, Barnes again argues the motion to strike is premature and asserts the controlling law in the

---

[2] Parties are specifically reminded of this court's rules regarding citations. The basic purpose of a legal citation is to allow the reader to locate a cited source accurately and efficiently. Referenced cases should be authoritative and subsequent history overturning or abrogating a case should be properly indicated. Cited authority should be relevant to the matter at hand and identify the source and specific page referenced. Any deviations from these rules may result in sanctions and the court may refuse to consider those non-compliant filings.

[3] While neither party requests the court take judicial notice of the relevant court orders from another federal district court, this court considers them given their relevance to this matter. The court assumes neither that their allegations are true nor that their legal claims are valid. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir.1998).

1 Southern District of Florida differs materially from the law binding this court, thereby negating
2 the applicability of comity principles.
3      Barnes repeatedly overstates the differences between controlling Ninth and Eleventh
4 Circuit law as applicable here. The Ninth and Eleven Circuits agree federal courts have subject
5 matter jurisdiction over class actions if at least one named plaintiff has constitutional standing and
6 that the standing inquiry differs from the Rule-based requirements for class actions, such as
7 adequacy and superiority. *See, e.g.*, *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015)
8 (agreeing with holding of *Prado–Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279–80 (11th
9 Cir. 2000)); *see also Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1272 (11th Cir. 2019) ("[A]ll
10 that the law requires is that a named plaintiff have standing.").
11      Even so, courts in both the Ninth and Eleventh Circuits may consider the relevance of
12 individual class members' standing—or lack of standing—when analyzing the appropriateness of
13 class action litigation. As addressed above, when questions of individual injury in fact
14 predominate in a proposed class, a district court in the Ninth Circuit—as in the Eleventh—must
15 consider whether the presence of uninjured class members indicates a proposed class is fatally
16 overbroad. *See Olean Wholesale*, 31 F.4th at 668–69 (agreeing with Eleventh Circuit's holding in
17 *Cordoba* that "[w]hen individualized questions relate to the injury status of class members, Rule
18 23(b)(3) requires that the court determine whether individualized inquiries about such matters
19 would predominate over common questions"). Here, questions about the standing of individual
20 class members cannot be ignored or cast aside as "premature." *TransUnion LLC v. Ramirez*,
21 141 S. Ct. 2190, 2205 (2021); *Olean Wholesale*, 31 F.4th at 668-69.
22      The court agrees with Barnes, however that there are differences between the Ninth and
23 Eleventh Circuit law controlling the definition of constitutional injury in fact under the TCPA.
24 Barnes asserts Eleventh Circuit caselaw requires calls to be unwanted and not-consented-to in
25 order to support standing under the TCPA, whereas Ninth Circuit law requires that the calls only
26 be not-consented-to. *See Drazen v. Pinto*, 74 F.4th 1336, 1344–46 (11th Cir. 2023) (en banc)
27 (finding text or call must be "unwanted" to cause concrete injury and agreeing with Ninth
28 Circuit's holding in *Van Patten v. Vertical Fitness Grp.*, LLC, 847 F.3d 1037 (9th Cir. 2017)).

In *Spaner*, the Southern District of Florida case, the magistrate judge explained numerous class members did not have standing under the TCPA because customers "provided their telephone number in the course of a business relationship and used that number to place [their] orders." *Spaner* at 29. While some of these customers may not have agreed to receive these calls, such an inquiry in the Eleventh Circuit would require "the type of individualized discovery that defeats class certification." *Id.*

In the Ninth Circuit, "the receipt of unsolicited phone calls or text messages in violation of the TCPA is 'a concrete injury in fact sufficient to confer Article III standing.'" *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 985–86 (9th Cir. 2023) (quoting *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017)). In *Hall v. Smosh*, defendant contacted the owner and subscriber of a phone with a number on the Do-Not-Call Registry after her son, using his mother's number, solicited the messages through an online form. 72 F.4th at 985–86, 990–91. The Ninth Circuit held that plaintiff had standing to bring her TCPA claim, and any question of consent or the sufficiency of consent under the TCPA "requires an analysis of the merits." *Id.* at 990 (quoting *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1118 n.7 (9th Cir. 2022)). The court in *Hall* explained "prior express consent is relevant to the merits of a TCPA claim, not to Article III standing." *Id.* at 985 n.1. Here, Barnes's contention that the standing requirements between the Ninth and Eleventh Circuits are so "fundamentally different [that] class certification will likely turn out differently in this case," is not a foregone conclusion. Opp'n at 18. Nevertheless, at the pleading stage the nuances of each Circuit's caselaw sufficiently preclude striking the class allegations under principles of comity.

**IV.   SEALING**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnotes omitted). Although that right is not absolute, "'a strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). For these reasons, courts grant requests to seal records in civil cases

in only limited circumstances, such as to protect against "gratif[ication of] private spite or promot[ion of] public scandal" or to preclude court dockets from being "reservoirs of libelous statements" or "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 597 (citations omitted).  The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above.  E.D. Cal. L.R. 141(a).  Local Rule 141 provides that documents may be sealed only by a written order of the court after a particularized request to seal has been made; a mere request to seal is not enough under the local rules.  While the court notes the previously assigned district judge granted sealing and redaction as Coca-Cola requested upon the filing of the Motion, Reply, and supporting documents in this matter, upon close review in the course of resolving the pending motion, this court is not persuaded that continued sealing and redaction is justified.  Therefore, Coca-Cola is **ordered to show cause** within fourteen (14) days why the unredacted Motion, Reply, and supporting documents should not be unsealed under the local rules of this district and the court's standing order.  ECF Nos. 18–20, 27–28; E.D. Cal. L.R. 141(a).

## V.  CONCLUSION

For the above reasons, the court **grants the motion to dismiss** and **grants the motion to strike** with leave to amend.  Any amended complaint shall be filed within thirty (30) days of the date of this order.

Defendant Coca-Cola is ordered to **show cause within fourteen (14) days** of the filed date of this order why its Motion to Dismiss, ECF No. 18 (sealed), Requests to Seal and related documents, ECF Nos. 19, 20, 27 (sealed), and Reply, ECF No. 28 (sealed), should not be fully unsealed.

This order resolves ECF No. 21.

IT IS SO ORDERED.

DATED: April 4, 2025.

UNITED STATES DISTRICT JUDGE

12