UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Keith Barnes, | No. 1:22-cv-01511-KJM-EPG |
| Plaintiff, | ORDER |
| v. | |
| The Coca-Cola Company, | |
| Defendant. | |

In a previous order, the court ordered defendant The Coca-Cola Company (Coca-Cola) to show cause why its Motion to Dismiss, ECF No. 18, Requests to Seal, ECF Nos. 19, 27, and related documents, ECF Nos. 20, 28, should not be fully unsealed. Order (Apr. 7, 2025) at 12, ECF No. 40. Coca-Cola responded to the court's order and requests all sealed documents remain under seal. Response, ECF No. 41. In support of its request, Coca-Cola makes three primary arguments: 1) another judge in this district previously allowed it to file the aforementioned documents under seal; 2) another judge in the Southern District of Florida previously determined that good cause existed to seal that district's Report and Recommendation, which Coca-Cola cites to in these documents; and 3) good cause exists to maintain the documents under seal because they contain proprietary information that would harm Coca-Cola if released to the public. *Id.* ¶¶ 3–4, 8.

## I. ANALYSIS

As explained in the court's previous order, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 25 435 U.S. 589, 597 (1978) (footnotes omitted). Although that right is not absolute, "'a strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

The court begins with the currently sealed Requests to Seal at ECF Nos. 19 and 27. The Local Rules of this District establish a general presumption that requests to seal be made on the public docket: "Notice that a request to seal has been made will typically be filed in the publicly available case file." E.D. Cal. L.R. 141(a). In turn, orders on sealing requests should also be "file[d] in the publicly available case file." *Id.* L.R. 141(d). Here, the court does not find any reason to deviate from the local rules. The Requests to Seal provide notice of the requests to seal and explain the legal standard applicable to sealing in this district and do not themselves reveal any proprietary information. Indeed, the contents of the filings at ECF Nos. 19 and 27 closely mirror the public Response at ECF No. 41 currently before the court. While another judge of this district previously ordered the Requests to be sealed, it is well established that a court may, in its discretion, unseal those same, previously sealed filings. *Id.* L.R. 141(e)(2)(iii); Fed. R. Civ. P. 5.2; *Kamakana*, 447 F.3d at 1186. Finding no good cause to maintain the seal on the Requests to Seal at ECF Nos. 19 and 27, the court orders these filings be **unsealed.**

The court next proceeds to the currently sealed Exhibit B at ECF No. 20, which includes the Report and Recommendation from the Southern District of Florida in *Spaner v. The Coca-Cola Co.* Case No. 19-22210 (S.D. Fla. July 27, 2022), *report and recommendation adopted in full* (S.D. Fla. Aug. 22, 2022). Coca-Cola asserts the filing should remain under seal in this district because the same Report and Recommendation remains sealed in its district of origin, though it provides no documentation to support this assertion. After conducting independent research, this court has confirmed both that the Report and Recommendation remains sealed in the Southern District of Florica and that the *Spaner* court permitted Coca-Cola to file the Report

and Recommendation under seal in this district upon Coca-Cola's unopposed request. *Spaner*, Case No. 19-22210 (S.D. Fla.), ECF Nos. 180–81. While this court may have made a different decision in the first instance in response to Coca-Cola's request to seal, in the interests of comity, it accepts for these purposes the conclusion of the district court in *Spaner*. Exhibit B containing the Report and Recommendation at ECF No. 20 **shall remain under seal.**

Finally, the court addresses Coca-Cola's sealed Motion to Dismiss, ECF No. 18, and Reply, ECF No. 28. Redacted copies of these filings are currently available on the public docket. *See* Motion to Dismiss (redacted), ECF No. 21; Reply (redacted), ECF No. 26. The redacted portions of these filings relate to the substance of the *Spaner* court's sealed Report and Recommendation. Given the status of that document in the underlying Florida case, this court finds good cause for the unredacted versions of the Motion to Dismiss and Reply **to remain under seal.**

## II. CONCLUSION

For the foregoing reasons, the clerk of court is **directed to unseal** Coca-Cola's Requests to Seal at ECF Nos. 19 and 27.

All other sealed filings shall remain under seal until further notice.

IT IS SO ORDERED.

DATED: April 24, 2025.

UNITED STATES DISTRICT JUDGE