UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEITH BARNES, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

THE COCA-COLA CO.,

Defendant.

Case No. 1:22-cv-01511-KES-EPG

ORDER GRANTING MOTION TO SEAL

(ECF No. 77)

This is a putative class action and before the Court is Plaintiff's Request to Seal Document. (ECF No. 77). The request seeks to permanently seal portions of Plaintiff's Reply in Support of the Motion for Class Certification. (*Id.* at 2). This motion follows prior motions filed in this action, such as Defendant's request to seal documents filed on January 18, 2023, January 27, 2023, February 13, 2023, February 22, 2023, and August 5, 2026, (ECF Nos. 10, 19, 23, 27, 70), and Plaintiff's request to seal documents filed on June 8, 2026, (ECF No. 59). These motions were summarily granted.

For the reasons given below, the Court will grant the motion to seal the requested document.

## I. REQUEST TO SEAL

Plaintiff asks the Court to seal only certain portions of his Reply in Support of his Motion for Class Certification. (ECF No. 77 at 2). Defendant did not submit an opposition to Plaintiff's request. Plaintiff has provided an unredacted version of the document at issue. (*Id.*).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)); *see also* Local Rule 141(a) ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law."). Unless a court record is "traditionally kept secret,[1] a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). In order to overcome this strong presumption, a party seeking to seal a judicial record bears the burden of articulating compelling reasons, which are supported by specific facts, that outweigh the historical right of access and the public policies favoring disclosure. *Id.* at 1178–79; *see M.P. ex rel. Provins v. Lowe's Cos.*, No. 2:11-cv-01985-GEB-CKD, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012) (applying compelling reasons standard to request to seal documents in connection with application for approval of minor's settlement).

The Court must "conscientiously balance[] the competing interests of the public and the party" seeking to seal the judicial record. *Kamakana*, 447 F.3d at 1179 (quotation marks citation omitted). And "[a]fter considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*

The determination as to what is a "compelling reason" is within the Court's "sound discretion." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted). Examples of compelling reasons include where a record might "become a vehicle for improper purposes," such as to "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. However, "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents

[1] "Thus far, we have identified two types of documents as 'traditionally kept secret': grand jury transcripts and warrant materials during the pre-indictment phase of an investigation." *Kamakana*, 447 F.3d at 1185.

under seal. *Id.* at 1101–02. Courts in the Ninth Circuit apply the compelling reasons standard to sealing requests related to a motion for class certification. *See King v. Nat'l Gen. Ins. Co.,* No. 15-cv-00313-DMR, 2024 WL 4455527, at *1 (N.D. Cal. Oct. 8, 2024).

As an initial matter, the Court notes that there have been previously filed motions to seal that have been granted.

Relevant here, Plaintiff seeks to seal portions of the specific document based on propriety information contained within. Specifically, Plaintiff "represents that the basis for sealing is that portions of the Reply are or contain references to proprietary information concerning calls made by or on behalf of Defendant." (ECF No. 77 at 2).

The Court agrees with Plaintiff, and other courts, that the disclosure of propriety information, including contract terms and pricing information, is a compelling reason in a case to seal information. *See, e.g. Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.,* No. 12-cv-03844-JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage").

Accordingly, the Court finds compelling reasons to seal such information here and will not require Plaintiff to publicly disclose the relevant portions of the Reply.

Because the Court concludes that Plaintiff has provided compelling reasons to seal portions of his reply in support of the class certification motion, the Court will direct Plaintiff to file a sealed version of his Reply in Support of his Motion for Class Certification.

## II. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion to seal is granted. (ECF No. 77).
2. By no later than October 2, 2026, Plaintiff shall file a sealed and unredacted version of the document previously indicated.

3. Plaintiff's attention is directed to Local Rule 141 for the proper procedure on filing a sealed document.

IT IS SO ORDERED.

Dated: **September 29, 2026**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE