UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BARNES, *individually and on behalf of all others similarly situated*,<br>Plaintiff,<br>v.<br>THE COCA-COLA CO.,<br>Defendant. | Case No. 1:22-cv-01511-KES-EPG<br>ORDER GRANTING MOTION TO SEAL<br>(ECF No. 82) |

This is a putative class action and before the Court is Defendant's Request to Seal Documents. (ECF No. 82). The request seeks to permanently seal portions of Defendant's Memorandum of Points and Authorities in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment, in addition to portions of its Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment. (*Id.* at 2). This motion follows prior motions filed in this action, such as Defendant's request to seal documents filed on January 18, 2023, January 27, 2023, February 13, 2023, February 22, 2023, and August 5, 2026, (ECF Nos. 10, 19, 23, 27, 70), and Plaintiff's request to seal documents filed on June 8, 2026, and September 8, 2026, (ECF Nos. 59, 77). These motions were summarily granted.

For the reasons given below, the Court will grant the motion to seal the requested documents.

## I. REQUEST TO SEAL

Defendant asks the Court to seal only certain portions of its Memorandum of Points and

Authorities in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment, in addition to portions of its Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment. (ECF No. 82 at 2). Plaintiff did not submit an opposition to Defendant's request. Defendant has provided an unredacted version of the documents at issue. (*Id.*).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)); *see also* Local Rule 141(a) ("Documents may be sealed only by written order of the Court, upon the showing required by applicable law."). Unless a court record is "traditionally kept secret,[1] a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). In order to overcome this strong presumption, a party seeking to seal a judicial record bears the burden of articulating compelling reasons, which are supported by specific facts, that outweigh the historical right of access and the public policies favoring disclosure. *Id.* at 1178–79; *see M.P. ex rel. Provins v. Lowe's Cos.*, No. 2:11-cv-01985-GEB-CKD, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012) (applying compelling reasons standard to request to seal documents in connection with application for approval of minor's settlement).

The Court must "conscientiously balance[] the competing interests of the public and the party" seeking to seal the judicial record. *Kamakana*, 447 F.3d at 1179 (quotation marks citation omitted). And "[a]fter considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*

The determination as to what is a "compelling reason" is within the Court's "sound discretion." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted). Examples of compelling reasons include where a record might "become a vehicle for improper purposes," such as to "gratify private spite, promote public scandal, circulate

[1] "Thus far, we have identified two types of documents as 'traditionally kept secret': grand jury transcripts and warrant materials during the pre-indictment phase of an investigation." *Kamakana*, 447 F.3d at 1185.

libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. However, "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Id.* at 1101–02. Courts in the Ninth Circuit apply the compelling reasons standard to sealing requests related to a motion for class certification. *See King v. Nat'l Gen. Ins. Co.,* No. 15-cv-00313-DMR, 2024 WL 4455527, at *1 (N.D. Cal. Oct. 8, 2024).

As an initial matter, the Court notes that there have been previously filed motions to seal that have been granted.

Relevant here, Defendant seeks to seal portions of the specific documents based on propriety information contained within. Specifically, Defendant contends that "certain portions contain references to proprietary information that would reveal Plaintiff's confidential business operations and other commercially sensitive information." (ECF No. 82 at 2). Defendant also asserts that the summary judgment motion references and quotes from the Report and Recommendation issued under seal in *Spaner v. The Coca-Cola Co.*, No. 1:19-cv-22210-JEM (S.D. Fla. July 27, 2022), and "public disclosure would undermine that court's sealing determination." (*Id.*).

The Court agrees with Defendant, and other courts, that the disclosure of propriety information, including contract terms and pricing information, is a compelling reason in a case to seal information. *See, e.g. Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2019 WL 3718566, at *1 (N.D. Cal. Aug. 7, 2019) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard."); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.,* No. 12-cv-03844-JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage").

Further, given the status of the Report and Recommendation in the *Spaner* case, the Court

finds good cause for the portions cited by Defendant in this case to remain under seal.

Accordingly, the Court finds compelling reasons to seal such information here and will not require Defendant to publicly disclose the relevant portions of the documents.

Because the Court concludes that Defendant has provided compelling reasons to seal portions of its Memorandum of Points and Authorities in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment, in addition to portions of its Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, the Court will direct Defendant to file a sealed version of the documents at issue.

## II. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1. Defendant's motion to seal is granted. (ECF No. 82).
2. By no later than October 21, 2026, Defendant shall file a sealed and unredacted version of the documents previously indicated.
3. Defendant's attention is directed to Local Rule 141 for the proper procedure on filing a sealed document.

IT IS SO ORDERED.

Dated: **October 15, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE